Filed 5/21/14; pub. order 6/17/14 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| MARCUS L. ROBERSON, | |
| Plaintiff and Appellant, | E058187 |
| v. | (Super.Ct.No. CIVSS814327) |
| CITY OF RIALTO, | O P I N I O N |
| Defendant and Respondent; | |
| WAL-MART REAL ESTATE BUSINESS TRUST et al., | |
| Real Parties in Interest and Respondents. | |

APPEAL from the Superior Court of San Bernardino County. Joseph R. Brisco, Judge. Affirmed.

Briggs Law Corporation, Cory J. Briggs and Mekaela M. Gladden for Plaintiff and Appellant.

1

Stradling Yocca Carlson & Rauth and Allison E. Burns for Defendant and Respondent.

Drinker Biddle & Reath, Henry Shields, Jr., Paul M. Gelb, and Pamela K. Graham for Real Parties in Interest and Respondents.

## I.  INTRODUCTION

On July 15, 2008, defendant and respondent, City of Rialto (the City), through its city council, adopted several "project approvals," clearing the way for the construction of a large commercial retail center in the City, to be anchored by a Wal-Mart Supercenter (the project).  Plaintiff and appellant, Marcus L. Roberson, petitioned the trial court for a writ of administrative mandate (Code Civ. Proc., § 1094.5) invalidating and setting aside the project approvals, namely, a resolution certifying an environmental impact report for the project, resolutions approving general and specific plan amendments for the project site, and an ordinance approving a development agreement for the project.

In his trial brief, Roberson claimed the project approvals were invalid only because the notice of the initial, July 1, 2008, public hearing before the city council on the project approvals did not indicate that the planning commission had recommended the city council adopt the project approvals.  (Gov. Code, §§ 65090, 65094;[1] *Environmental Defense Project of Sierra County v. County of Sierra* (2008) 158 Cal.App.4th 877, 890-893 (*Environmental Defense Project*) [notice of hearing before legislative body on

---

[1]  All further statutory references are to the Government Code unless otherwise indicated.

2

actions subject to the Planning and Zoning Law (§ 65000 et seq.) must include planning commission recommendations].)

In January 2013, nearly four years after an April 2, 2009, court trial on Roberson's petition, the trial court entered judgment denying Roberson's petition. Roberson appeals, claiming the judgment must be reversed and the project approvals invalidated and set aside based solely on the defective notice of hearing. He argues only that he presented "unopposed" evidence to the trial court that he was prejudiced by the defective notice of hearing. (§ 65010, subd. (b) [legislative actions under the Planning and Zoning Law may not be invalidated or set aside absent findings of prejudice, substantial injury, and probability of a different result absent the error].)

Respondents and real parties in interest[2] argue Roberson's defective notice claim is barred by the doctrine of res judicata, because the same defective notice claim was finally litigated on its merits in *Rialto Citizens for Responsible Growth v. City of Rialto* (2012) 208 Cal.App.4th 899, 916-921 [Fourth Dist. Div. Two] (*Rialto Citizens*), and Roberson is in privity with the plaintiff in that action, Rialto Citizens for Responsible Growth, a nonprofit mutual benefit corporation. Real parties also move to dismiss Roberson's appeal as frivolous and dilatory on the grounds his defective notice claim is barred by res judicata and no reasonable attorney would have pursued the appeal

---

[2] Real parties in interest (real parties) are Wal-Mart Real Estate Business Trust, Wal-Mart Real Estate Business Trust, Inc., and Wal-Mart Real Estate Trust, Inc. The City has joined real parties' respondents' brief.

3

following the finality of this court's decision in *Rialto Citizens*.[3]  Real parties seek

$12,860 in sanctions, their attorney fees incurred in preparing the motion to dismiss.

Roberson opposes the motion with supporting declarations.

We affirm the judgment denying Roberson's petition for two independent reasons:

(1) Roberson has not demonstrated reversible error because the record on appeal is

inadequate to show the trial court erroneously failed to credit Roberson's "evidence of

prejudice," and (2) his defective notice claim is barred by res judicata.  The claim is in all

respects identical to Rialto Citizens's defective notice claim; *Rialto Citizens* resulted in a

final judgment on the merits of the claim; and Roberson is in privity with Rialto Citizens.

We decline to decline to dismiss Roberson's appeal as frivolous, though the question is a

close one, and we deny real parties' motion for $12,860 in sanctions.

## II.  BACKGROUND

On May 28, 2008, the planning commission held a public hearing and issued

several resolutions recommending that the city council adopt the project approvals.[4]  A

---

[3]  Real parties request that this court take judicial notice of court records in *Rialto Citizens*:  (1) Rialto Citizens's petition for writ of mandate, filed on August 8, 2008, in case No. CIVSS810834, seeking to nullify and set aside the project approvals based on the defective notice of hearing, among other grounds; (2) the state Supreme Court's December 12, 2012, order, in case No. S205804, denying Rialto Citizens's petition for review in *Rialto Citizens*; and (3) this court's remittitur in *Rialto Citizens*, issued on December 20, 2012, in case No. E052253.  We grant the request and take judicial notice of these court records.  (Evid. Code, §§ 452, subd. (d), 459.)

[4]  The project approvals included resolutions adopted by the city council certifying an environmental impact report for the project and adopting amendments to the City's

*[footnote continued on next page]*

4

hearing before the city council on the project approvals was originally scheduled for June 17, 2008, but the hearing was continued to July 1 because the city administrator failed to publish notice of the July 1 hearing. On June 21, 2008, the City published notice of the July 1 hearing in the San Bernardino County Sun, a local newspaper.

The notice stated that the city council would hold a public hearing on July 1, 2008, to consider the project approvals. The hearing proceeded as noticed on July 1 and, on that date, was continued to July 15 for "final consideration" of the project approvals and to allow City staff to prepare written responses to comments received at the July 1 hearing. At the conclusion of the continued hearing on July 15, the city council adopted the project approvals.

Roberson filed his original writ petition in October 2008, and filed an amended petition in November 2008. In a single cause of action, the amended petition alleged that the notice of the July 1 city council hearing on the project approvals was defective because it failed to include, among other things, "a general explanation of the matter to be considered." (§§ 65090, 65094.) In his trial brief, he argued only that the notice of the July 1 city council hearing was defective because it did not include the planning commission's recommendations on the project approvals. This point is not in dispute. The parties and we agree the notice was defective because it did not include the planning

*[footnote continued from previous page]*
general plan and the specific plan governing the project site, and a city council ordinance approving a development agreement for the project.

5

commission's recommendations on the project approvals. (*Environmental Defense Project, supra,* 158 Cal.App.4th at pp. 890-893.)

In *Environmental Defense Project*, the Third District Court of Appeal held that a notice of a public hearing before the Sierra County board of supervisors to consider a zoning ordinance amendment was defective because it was given *before* the county planning commission first considered the amendment. (*Environmental Defense Project, supra,* 158 Cal.App.4th at pp. 890-893.) Hence, the notice of the hearing before the board did not indicate whether the planning commission was recommending that the board adopt the amendment. (*Id*. at p. 882.) The notice was required to include, among other things, "a general explanation of the matter to be considered" by the board at its hearing on the amendment (§ 65094), and the court concluded that this "general explanation" included the planning commission's recommendation on the amendment. (*Environmental Defense Project, supra,* at p. 891.)[5]

---

[5] The *Environmental Defense Project* court interpreted section 65094 in light of section 65033 of the Planning and Zoning Law, which recognized "'the importance of public participation'" "'at every level of the planning process,'" and the related policy of affording members of the public "'the opportunity to respond *to clearly defined alternative objectives, policies, and actions*.'" (*Environmental Defense Project, supra,* 158 Cal.App.4th at p. 891.) The court reasoned "there can be little doubt that the purpose of notice in cases such as this one is to inform the public of the legislative body's hearing so they will have an opportunity to respond to the planning commission's recommendation and protect any interests they may have before the legislative body approves, modifies, or disapproves that recommendation. If notice could be given before the planning commission made its recommendation and, therefore, without inclusion of what that recommendation was, the purpose behind the notice provision would be ill served, as the notice would not inform the public to what 'clearly defined alternative objectives, policies, and actions' they would be responding." (*Id*. at pp. 891-892.)

6

In a declaration supporting his trial brief, Roberson averred he did not participate in the July 1 or 15 city council hearings because he was unaware of the planning commission's recommendation that the city council adopt the project approvals. Had he been aware of the recommendations, he claimed he would have submitted written comments or testimony at the city council hearings, but he did not explain what comments or testimony he would have submitted.

Following briefing and oral argument at an April 2, 2009, court trial, the trial court denied Roberson's petition to nullify and set aside the project approvals and adopted its tentative decision as its order denying the petition. The record contains neither a copy of the tentative decision nor a transcript of the April 2, 2009, court trial, and the judgment contains no factual findings. Thus, the record is silent concerning the trial court's reasons for denying Roberson's petition.

Previously, in August 2008, Rialto Citizens petitioned the trial court to invalidate and set aside the project approvals based in part on the same defect in the notice of the July 1 city council hearing that was the subject of Roberson's original and amended petitions. Unlike Roberson, Rialto Citizens participated in the July 1 city council hearing through one of its members, Citizens for Responsible Equitable Environmental Development (CREED). (*Rialto Citizens, supra,* 208 Cal.App.4th at pp. 912-913.) Through CREED, Rialto Citizens, then an unincorporated nonprofit association, argued the project approvals would violate the California Environmental Quality Act (CEQA), the Planning and Zoning Law, and other land use laws.

The judgment in the present action was entered in January 2013, shortly after the California Supreme Court denied review in *Rialto Citizens*, this court issued its remittitur in the case, and the judgment denying Rialto Citizens's writ petition (and defective notice claim) became final. (See Eisenberg et al., Cal Practice Guide: Civil Appeals and Writs (The Rutter Group 2013) ¶ 2:13.5, p. 2-12 [appealable judgment becomes final for all purposes once all avenues for appellate review are exhausted or time frame for appeal has otherwise lapsed].) The same attorneys who represented Roberson throughout the present writ proceedings represented CREED in the July 1 and 15 city council hearings and later represented Rialto Citizens throughout the *Rialto Citizens* action.

In *Rialto Citizens*, this court followed *Environmental Defense Project* and concluded the notice of the July 1 city council hearing was defective because it did not include the planning commission's recommendation that the city council adopt the project approvals. (*Rialto Citizens, supra,* 208 Cal.App.4th at p. 916.) But we also noted that Rialto Citizens made no attempt to show in the trial court, and the trial court in *Rialto Citizens* did not find, that the defect in the notice was prejudicial, caused substantial injury to any of Rialto Citizens's members, or that a different result (e.g., modified project approvals) was probable absent the defect. (*Id*. at pp. 919-921; § 65010, subd. (b).)[6]

---

[6] Section 65010, subdivision (b) of the Planning and Zoning Law states: "No action, inaction, or recommendation by any public agency or its legislative body or any of its administrative agencies or officials on any matter subject to this title shall be held invalid or set aside by any court on the ground of the improper admission or rejection of evidence or by reason of any error, irregularity, informality, neglect, or omission

*[footnote continued on next page]*

Thus, in *Rialto Citizens*, we concluded the trial court erroneously invalidated the project approvals and ordered them set aside based solely on the defective notice, without making the necessary factual findings of prejudice, substantial injury, and probability of a different result absent the error. (*Rialto Citizens, supra,* 208 Cal.App.4th at p. 919.) We distinguished *Environmental Defense Project* as an action for declaratory relief in which the plaintiff was not seeking to invalidate or set aside the board's adoption of the zoning amendment, but was only seeking a judicial declaration that Sierra County's "streamlined zoning process," of noticing board hearings on actions before its planning commission made recommendations on those actions, violated the Planning and Zoning Law. (*Rialto Citizens, supra,* at p. 920.)

## III. DISCUSSION

### A. *Roberson Has Not Demonstrated Reversible Error*

Roberson claims his petition to nullify and set aside the project approvals based on the defect in the notice of the July 1 city council hearing was erroneously denied. He argues this case differs from *Rialto Citizens* because here, "the appellate record contains evidence of prejudice to [Roberson], and case law presumes substantial injury and the

---

*[footnote continued from previous page]*
(hereafter, error) as to any matter pertaining to petitions, applications, notices, findings, records, hearings, reports, recommendations, appeals, or any matters of procedure subject to this title, *unless the court finds that the error was prejudicial and that the party complaining or appealing suffered substantial injury from that error and that a different result would have been probable if the error had not occurred. There shall be no presumption that error is prejudicial or that injury was done if the error is shown.*" (Italics added.)

9

probability of a different result as a matter of law." For the reasons we explain, Roberson's arguments fail to demonstrate reversible error.

First, as "evidence of prejudice," Roberson points to his declaration in support of his trial brief and petition, in which he averred that, "[h]ad [he] known about the [planning commission's] recommendation, [he] would have shared [his] views with the city council and urged that it not approve the proposal—either by submitting written comments or by attending the public hearing and testifying in person." But as noted, Roberson did not explain what comments or testimony he would have submitted to the city council had he known of the planning commission's recommendation to adopt the project approvals. Moreover, the record is inadequate to support Roberson's claim of trial court error.

Roberson has a duty to provide an adequate record on appeal to support his claim of error. (*In re Marriage of Wilcox* (2004) 124 Cal.App.4th 492, 498.) In the absence of an adequate record, the judgment is presumed correct. (*Stasz v. Eisenberg* (2010) 190 Cal.App.4th 1032, 1039.) "All intendments and presumptions are made to support the judgment on matters as to which the record is silent." (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956.) Error must be affirmatively shown. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140.)

The record on appeal is inadequate to show the trial court somehow erroneously disregarded the "evidence of prejudice" in Roberson's declaration or, more generally, erroneously failed to find that the defective notice of hearing was prejudicial. Indeed, the

record is completely silent on why the court denied Roberson's petition. The judgment denying Roberson's petition contains no factual findings, and Roberson's appellant's appendix on appeal includes neither a copy of the trial court's tentative decision, which the trial court adopted as its order denying the petition, or a transcript of the April 2, 2009, court trial on Roberson's petition.

But the administrative record before the trial court did show, and the court was presumably well aware, that the attorneys for Rialto Citizens vigorously challenged the project approvals *on behalf of Rialto Citizens* at the July 1 city council hearing. The record before the trial court and on this appeal shows the attorneys for Rialto Citizens presented a letter to the city council, which explained in a detailed attachment why the project approvals violated CEQA, the Planning and Zoning Law, the Subdivision Map Act (§ 66410 et seq.), and other laws. The attorneys also submitted an "opposition DVD" for the city council's consideration.

Again, the record on appeal does not indicate that Roberson ever explained to the trial court what written comments or testimony he would have submitted at the July 1 and 15 city council hearings had he known of the planning commission's recommendation to adopt the project approvals. Nor does the record on appeal indicate that Roberson would have submitted any evidence in opposition to the project approvals *other than or in addition to* the evidence his attorneys submitted on behalf of Rialto Citizens.

Thus, on this record, Roberson did not demonstrate to the trial court that the defect in the notice of the July 1 city council hearing was prejudicial, resulted in substantial

11

injury to Roberson, or that a different result was probable absent the defect in the notice. (§ 65010, subd. (b).) To the contrary, ample evidence supports the trial court's implied finding—implied in the judgment denying the petition—that the defect in the notice was not prejudicial, did not result in substantial injury to Roberson, and that a different result was not probable if the defect had not occurred. (*Ibid*.) Even though this court's July 2012 decision in *Rialto Citizens* was issued after the April 2009 court trial on Roberson's petition, we presume the trial court was aware of the factual findings it was required to make under section 65010, subdivision (b) in order to invalidate the project approvals. (*Rialto Citizens, supra,* 208 Cal.App.4th at pp. 916-921.)

We also disagree with Roberson's assertion that "case law presumes substantial injury and the probability of a different result as a matter of law." This proposition is contrary to the language of section 65010, subdivision (b) and is unsupported by the cases Roberson cites in its support. The statute states: "*There shall be no presumption that error is prejudicial or that injury was done if the error is shown*" (§ 65010, subd. (b), italics added), and requires the court to make findings of prejudice, substantial injury to the complaining party, and a probability of a different result absent the error, before it may invalidate or set aside an action undertaken by a legislative body under the Planning and Zoning Law (here, the city council's project approvals).

*Sounhein v. City of San Dimas* (1992) 11 Cal.App.4th 1255 does not assist Roberson's argument. There, the City of San Dimas did not give *any notice* of hearing and even failed to hold any public hearing on its enactment of a zoning ordinance. (*Id*. at

12

pp. 1259-1260.) *Sounhein* concluded that failure to provide notice or hold a hearing "cannot be deemed harmless or nonprejudicial" under section 65010, subdivision (b), given that the omissions were "not a mere minor technical defect [citations], but rather the process was fundamentally flawed by the complete omission of any public notice or hearings . . . ." (*Id*. at pp. 1260-1261.) Here, the defect in the notice at issue was minor and technical; it failed to include the planning commission's recommendations on the project approvals. And here, prejudice was not shown.

Roberson also relies on this court's observation in *Taschner v. City Council* (1973) 31 Cal.App.3d 48 [Fourth Dist., Div. Two]: "Where interested persons have been denied notice and opportunity to have their claims, suggestions and welfare considered by a planning commission or a legislative body in connection with a contemplated zoning action, it is reasonable to conclude that a different result would have been probable had such notice and opportunity to be heard been afforded." (*Id*. at p. 64, applying former § 65801, predecessor to § 65010, subd. (b).) Like *Sounhein*, *Taschner* is distinguishable because it involved no notice and no public hearing, rather than a minor, technical defect in the notice of hearing. *Taschner* involved a challenge to the validity of building height limit ordinance enacted by a general city law through the initiative process, rather than in accordance with noticed hearing procedures of the Planning and Zoning Law and due process. (*Taschner v. City Council, supra,* at pp. 53-54, 63-65.) This court explained that the initiative process did not afford persons affected by the ordinance "a full and fair hearing on the merits of their respective claims," and, unlike the noticed hearing process

13

under the Planning and Zoning Law, did not allow the legislative body to modify the ordinance to account for the suggestions of persons individually affected by the ordinance. (*Id*. at p. 64.) Thus, in *Taschner*, it was reasonable to conclude that a different result was probable (e.g., a more narrowly drawn ordinance may have been adopted) had the public been afforded notice and an opportunity to be heard on the ordinance. (*Id*. at pp. 64-65.)

The two other cases Roberson relies on are similarly distinguishable. (*Scott v. City of Indian Wells* (1972) 6 Cal.3d 541, 550 [prejudice presumed when entire class of affected landowners were not given notice of a hearing on zoning amendments affecting their properties]; *City of Sausalito v. County of Marin* (1970) 12 Cal.App.3d 550, 559, 567 ["substantive defect" in rezoning an area by resolution rather than by ordinance was jurisdictional, not "a procedural defect" which could be deemed harmless under former § 65801, predecessor to § 65010, subd. (b)].)

Finally, Roberson faults real parties for failing to bring section 65010, subdivision (b) to the trial court's attention, and claims real parties have therefore waived any claim that the defect in the notice was prejudicial, caused substantial injury to Roberson, or that a different result was probable absent the error. (§ 65010, subd. (b).) We rejected the same argument in *Rialto Citizens*. (*Rialto Citizens, supra,* 208 Cal.App.4th at p. 920.) Just as it was Rialto Citizens's burden to make the required factual showings in *Rialto Citizens*, it was Roberson's burden to make the factual showings here, and on this record he did not do so.

14

B. *Roberson's Defective Notice Claim is Barred by Res Judicata*

The doctrine of res judicata bars a party and persons in privity with that party from relitigating a claim following a final judgment on the merits of the claim. "'""The prerequisite elements for applying the doctrine to either an entire cause of action or one or more issues are the same:  (1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceedings.  [Citations.]"' [Citation.]"  (*Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 797.)

Real parties claim Roberson's defective notice claim is barred by res judicata because the same claim was litigated in *Rialto Citizens*; *Rialto Citizens* resulted in an adverse, final judgment on the claim, and Roberson is in privity with Rialto Citizens. Roberson concedes that *Rialto Citizens* resulted in a final, adverse judgment on the merits of Rialto Citizens's defective notice claim, but he argues his defective notice claim is different and he is not in privity with Rialto Citizens.  For the reasons we explain, we conclude that Roberson's defective notice claim is identical to the defective notice claim raised in *Rialto Citizens*, and Roberson is in privity with Rialto Citizens.

1. The Defective Notice Claims are Identical

Roberson argues his defective notice claim differs from Rialto Citizens because he did not have an opportunity to address the city council on the project approvals, while Rialto Citizens did participate in the July 1 city council hearing.  Therefore, he argues,

"[his] claim could not include the same prejudice issue" as Rialto Citizens's defective notice claim.

On this record, Roberson's claim that his defective notice claim "could not include the same prejudice issue" is completely devoid of substance. Indeed, Roberson's defective notice claim is identical in all respects to the defective notice claim raised by Rialto Citizens in *Rialto Citizens*: both claims sought to invalidate the project approvals because the notice of the July 1 city council hearing did not indicate that the planning commission was recommending that the city council adopt the project approvals. (*Rialto Citizens, supra,* 208 Cal.App.4th at pp. 916-921.)

And as discussed, Roberson never explained to the trial court what comments or testimony he would have submitted to the city council in opposition to the project approvals had he known of the planning commission's recommendations and attended the July 1 hearing. Nor did Roberson explain what he would have presented to the city council in opposition to the project approvals, *other than or in addition* to the comments and lengthy analysis presented by representatives of Rialto Citizens at the July 1 hearing. Finally, the notice of the July 1 hearing fully informed the public that the city council would be considering the project approvals, and identified each project approval under consideration, even though the notice did not include the planning commission's recommendations.

In sum, just as Roberson's claim that he was somehow prejudiced by the defective notice of the July 1 hearing is completely devoid of substance, his claim that "his"

16

prejudice differed from Rialto Citizens's undemonstrated prejudice is equally devoid of substance.

2.  Roberson is in Privity with Rialto Citizens

(a)  *The Concept of Privity*

"'The concept of privity . . . refers "to a mutual or successive relationship to the same rights of property, or to such an *identification in interest* of one person with another as to represent the same legal rights . . . and, more recently, to a relationship between the party to be estopped and the unsuccessful party in the prior litigation which is 'sufficiently close' so as to justify application of the doctrine of collateral estoppel.'" [Citations.]

"'In the final analysis, the determination of privity depends upon the fairness of binding [a party to the present proceeding] with the result obtained in earlier proceedings in which it did not participate. . . . "'Whether someone is in privity with the actual parties requires close examination of the circumstances of each case.'"' [Citations.] [¶] "'"This requirement of identity of parties or privity is a requirement of due process of law.' . . . 'Due process requires that the nonparty have had an *identity or community of interest* with, and adequate representation by, the . . . party in the first action.'"' [Citations.]

"'A party is adequately represented for purposes of the privity rule "if his or her *interests are so similar* to a party's interest that the latter was the former's virtual representative in the earlier action. . . ." . . . We measure the adequacy of "representation by inference, examining whether the . . . party in the suit which is asserted to have a

17

preclusive effect had the *same interest* as the party to be precluded, and whether that . . . party had a *strong motive* to assert that interest.  If the interests of the parties in question are likely to have been *divergent*, one does not infer adequate representation and there is no privity. . . . If the . . . party's *motive* for asserting a common interest is *relatively weak*, one does not infer adequate representation and there is no privity.'"  [Citation.]"  (*Gottlieb v. Kest* (2006) 141 Cal.App.4th 141, 149-150.)

(b) *Analysis*

Roberson maintains he is not in privity with Rialto Citizens because he brought his petition "in his own interest," while Rialto Citizens challenged the project approvals on public interest grounds.  He claims Rialto Citizens sought to vindicate public interests by challenging the project approvals based on the defective notice, while "he only allege[d] harm to himself."  But Roberson never explained to the trial court what "harm to himself" he was seeking to prevent by challenging the project approvals based on the defective notice, and his declaration shows he was seeking to vindicate the same public interests Rialto Citizens was seeking to vindicate, not his private interests.

As we recognized in *Rialto Citizens*, Rialto Citizens is a nonprofit mutual benefit corporation "formed for the purpose of promoting 'social welfare through advocacy for and education regarding responsible and equitable environmental development.'" (*Rialto Citizens, supra,* 208 Cal.App.4th at p. 915.)  By its writ petition in *Rialto Citizens*, Rialto Citizens sought to "enforce the City's public duties to comply with CEQA and the Government Code in considering" the project approvals.  (*Ibid*.)

18

In his petition Roberson averred he is "a natural person who resides in the City of Rialto," around three miles from the proposed Wal-Mart Supercenter, and he regularly drove through the intersections near the project site. And in his declaration in support of his trial brief, Roberson effectively admitted he was seeking to vindicate a public interest, not a private one, by challenging the project approvals based on the defective notice of hearing. He averred: "I regularly read local and regional newspapers like the *San Bernardino County Sun* in order to find out what is happening in and around my community. Matters in the public sphere and in the private sphere are of interest to me. Among the matters that interest me in the public sphere are the hearings by the City of Rialto's city council . . . . [¶] . . . I am opposed to the proposed Wal-Mart Supercenter because in my view *it is likely to harm the community* and should not have been approved, but I am even more troubled by the City's failure to follow the procedures that the law requires for giving consideration to such proposals in the first place. . . ." (Italics added.)

Roberson's declaration completely belies his claim that he brought his petition in his own interest rather than the public interest. Indeed, his declaration shows he challenged the project approvals based on the defective notice because the project was "likely to harm the community" and in order to vindicate the public's interest in seeing that the City followed "the [noticed hearing] procedure that the law requires." There is no mention anywhere in the record of any harm Roberson would have suffered "to

19

himself" as a result of defective notice or the project approvals that differs in any respect from any alleged harm to the community or the public.

Thus, the record on appeal and our decision in *Rialto Citizens* shows Roberson """"had an *identity or community of interest* with, and adequate representation by""""" Rialto Citizens on his defective notice claim, both during the July 2008 city council hearings and in the *Rialto Citizens* action. (*Gottlieb v. Kest, supra,* 141 Cal.App.4th at p. 150; see also *Silverado Modjeska Recreation & Park Dist. v. County of Orange* (2011) 197 Cal.App.4th 282, 298-299 [two parties asserting public interest claims against same project concerning enforcement of CEQA in privity for res judicata purposes]; *Citizens for Open Access etc. Tide, Inc. v. Seadrift Assn.* (1998) 60 Cal.App.4th 1053, 1070-1071 ["public interest" group in privity with "state agencies responsible for representation of the public interest" in the same dispute].)

C. *The Motion to Dismiss and Motion for Sanctions are Denied*

Lastly, we address real parties' motion to dismiss Roberson's appeal as frivolous and dilatory, or as solely intended to cause delay, and their related motion for $12,860 in sanctions, the amount of their attorney fees incurred in opposing Roberson's appeal. (*In re Marriage of Gong & Kwong* (2008) 163 Cal.App.4th 510, 516 ["California courts have the inherent power to dismiss frivolous appeals"]; Code Civ. Proc., § 907 ["When it appears to the reviewing court that the appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just"]; Cal. Rules of Court, rule

20

8.276(a)(1) [authorizing sanctions against party or attorney for taking frivolous appeal or appealing solely to cause delay].)

We deny the motion to dismiss and the related motion for sanctions, even though we believe the issue is a close one. "'[A]n appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit.'" (*Coleman v. Gulf Ins. Group* (1986) 41 Cal.3d 782, 790, fn. 6.)

As we have discussed, Roberson did not designate an adequate record on appeal to support his claim that the trial court somehow erroneously disregarded his so-called "evidence of prejudice," namely, that he would have presented written comments or testimony at the July 1 city council hearing in opposition to the project approvals had he known of the planning commission recommendations. He claims he did not present any input to the city council because he did not know of the planning commission recommendations, but he never explained what input that would have been, or whether it would have differed in respect from the lengthy analysis Rialto Citizens submitted in opposition to the project approvals at the July 1, 2008, city council hearing.

Nonetheless, we are reluctant to conclude that Roberson's appeal from the judgment denying his petition to set aside the project approvals based on the defective notice of hearing is frivolous or was intended solely to delay the finality of the judgment in this action. The declarations in opposition to the motions show, and real parties do not

21

dispute, that Roberson is not and has never been a member of Rialto Citizens. We also believe reasonable attorneys could agree that, as a private citizen and resident of the City at the time of the July 1 and 15 city council hearings,[7] Roberson had every right to petition the trial court to set aside the project approvals based on the defective notice, independently of Rialto Citizens's petition, even though Roberson's private interests in the project approvals were no different from the public interests Rialto Citizens was seeking to vindicate in its petition. We also believe reasonable attorneys could agree that

---

[7] On April 1, 2014, real parties filed a second motion to dismiss Roberson's appeal on the ground he lacks standing to appeal and his appeal is moot, because he no longer lives in the City of Rialto and therefore lacks a beneficial interest in the project approvals. (See *Rialto Citizens, supra,* 208 Cal.App.4th at p. 913 [as a general rule, legal standing to petition for writ of mandate requires petitioner to have beneficial interest in writ's issuance, but petitioner who is not beneficially interested may nevertheless have public interest standing under the public interest exception to the beneficial interest requirement]; *Wilson & Wilson v. City Council of Redwood City* (2011) 191 Cal.App.4th 1559, 1574 [pivotal question in determining whether case is moot is whether court can grant plaintiff any effectual relief].) Real parties also request that we take judicial notice of a "trust transfer deed" and other documents indicating Roberson relocated to Beaumont in September 2013, after Roberson filed the present appeal.

In opposition to the motion, Roberson admits he "recently" changed his place of residence from Rialto to Beaumont, but argues he nevertheless has a beneficial interest in the project approvals because his office is located "less than half a mile" from the project site, and he has to "drive or walk by [the project site] more frequently today than [he] did when [his] lawsuit was filed."

It is unnecessary to address the merits of real parties' second motion to dismiss based on Roberson's current lack of standing to appeal or the related request for judicial notice. For the reasons discussed, Roberson has not demonstrated reversible error, and his defective notice claim, which in the trial court was based squarely on the project approvals' "likely . . . harm to the community," and not on any distinct, personal harm to Roberson, is barred by the doctrine of res judicata. (See also *Braude v. City of Los Angeles* (1990) 226 Cal.App.3d 83, 88-89 [beneficial interest standing must be based on interest not held in common with public at large].)

the present appeal may have had some merit, simply because Roberson is a private citizen and not a member of Rialto Citizens.

Furthermore, the declaration of attorney Cory J. Briggs shows, and real parties do not dispute, that real parties submitted but promptly withdrew a proposed judgment denying Roberson's petition, shortly after the April 2, 2009, court trial on the petition. Real parties withdrew that proposed judgment because they and Roberson agreed to wait until the judgment in *Rialto Citizens* was final before real parties submitted their proposed judgment denying Roberson's petition. Thus, it appears that real parties share responsibility for the four-year delay in the entry of the judgment in this action and the concomitant delay in resolving the present appeal.

## IV.  DISPOSITION

The judgment is affirmed.  Respondents and real parties shall recover their costs on appeal.  (Cal. Rule of Court, rule 8.278(a)(2), (d).)

KING
                                                                                            J.

We concur:

McKINSTER
          Acting P. J.

MILLER
                    J.

Filed 6/17/14

COURT OF APPEAL -- STATE OF CALIFORNIA
FOURTH DISTRICT
DIVISION TWO

**ORDER**

MARCUS L. ROBERSON,

      Plaintiff and Appellant,

v.

CITY OF RIALTO,

      Defendant and Respondent;

WAL-MART REAL ESTATE BUSINESS
TRUST et al.,

      Real Parties in Interest and
Respondents.

E058187

(Super.Ct.No. CIVSS814327)

The County of San Bernardino

THE COURT

      A request having been made to this Court pursuant to California Rules of Court, rule 8.1120(a), for publication of a nonpublished opinion heretofore filed in the above entitled matter on May 21, 2014, and it appearing that the opinion meets the standard for publication as specified in California Rules of Court, rule 8.1105(c),

      IT IS ORDERED that said opinion be certified for publication pursuant to California Rules of Court, rule 8.1105(b).

KING                 
J.

We concur:

McKINSTER         
      Acting P. J.

MILLER            
      J.

1