Filed 12/11/14  Pacific Trust Bank v. England CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| PACIFIC TRUST BANK, | |
| Plaintiff and Respondent, | E059304 |
| v. | (Super.Ct.No. CIVRS1304232) |
| LONNIE FRANK ENGLAND, | O P I N I O N |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Thomas S. Garza, Judge.  Affirmed.

Lonnie Frank England, in pro. per., for Defendant and Appellant.

Winston & Strawn, Gayle I. Jenkins and Jennifer Rappoport for Plaintiff and Respondent.

## I.  INTRODUCTION

Defendant and appellant Lonnie Frank England appeals a workplace violence restraining order obtained by his former employer, plaintiff and respondent Pacific Trust

1

Bank (the Bank), doing business as Mission Hills Mortgage. (Code Civ. Proc., § 527.8.) The Bank petitioned for the order on June 18, 2013, the day it terminated England's employment.

The order was issued following a July 2, 2013, hearing, and expires on July 2, 2016.[1] The order directs England to stay away from the Bank's three branch offices, including its Ontario branch where England was employed, and to stay away from and not contact several Bank employees identified as protected persons in the order, and all other Bank employees.

England claims the order must be reversed because the court (1) erroneously refused to consider his claim that the Bank wrongfully terminated him and sought the order in retaliation for a sexual harassment complaint he made shortly before he was terminated, and (2) erroneously admitted the testimony of his former coworkers, Jim Takashi Hirotsu and Jaylene Dorris, who were biased and presented hearsay.

We affirm. England has not designated an adequate record on appeal to support his claims of error, because the record includes no reporter's transcript, agreed statement, or settled statement of the oral proceedings at the hearing. Further, the Bank represents that England appeared at the hearing, cross-examined Hirotsu and Dorris, and presented his retaliation defense. Finally, the alleged bias of the witnesses went to the weight, not the admissibility, of their testimony.

---

[1] A temporary restraining order was issued on June 18, 2013.

2

## II.  BACKGROUND

In support of its petition, the Bank submitted declarations from Dorris, a loan processor who worked with England at the Bank's Ontario branch, and Hirotsu, the manager of the Ontario branch.  The Bank's counsel, Gayle Jenkins, also submitted a declaration.  England filed a response, along with an attachment, responding at length to the petition.

Because the record contains no transcript or summary of the July 2, 2013, hearing, we summarize the declarations of the Bank's witnesses and England's response.

A.  *The Bank's Evidence*

On June 13, 2013, at the Ontario branch of the Bank, England said to Dorris, "Murder isn't going to have anything to do with you," and when she told him "that's a scary thought," he replied, "you never know, things happen, remember that mailman." Dorris reported the statement to the branch manager, Hirotsu.

After England made the statement, Dorris feared for the safety of her coworkers and herself because of things England had told her about himself and because he was "very aggressive in the workplace."  England told Dorris he had a taser; he liked to pull the taser out and "make 'tasing' noises" to scare people "at places like grocery stores"; he would get into arguments with people at stores that were broken up by security; and he once got into a fight with a neighbor, at which time the police confiscated his gun, and he was trying to get it back.

3

Hirotsu confirmed that England had been employed as a loan processor in the Ontario branch for two years, and his behavior in the workplace had become "increasingly aggressive and threatening over the past several months." Two days before the "murder" statement to Dorris, England yelled at another Ontario branch employee, Mohammad Rashid, over a work question.

Several employees told Hirotsu they feared for their safety because of the aggressive way England behaved in the office, including "slamming things on his desk, overreacting to any criticism of his performance, and yelling at his co-workers." Hirotsu feared for the safety of Dorris and other employees with whom England had disagreements in the workplace.

Through her declaration, the Bank's counsel, Jenkins, submitted court records from Riverside County Superior Court case No. RIC539499, indicating England was arrested but not charged in December 2008 with criminal contempt of court, making criminal threats, and brandishing a firearm. Additional court records showed England sought relief from a firearms prohibition under Welfare and Institutions Code section 8103.

B. *England's Response*

In his response, England claimed he had been sexually harassed and "physically abused" in the workplace; he complained about the harassment to the Bank's human resources department by submitting a "workplace sexual violence harassment complaint,"

4

but nothing was done about the harassment; and not long after he submitted the sexual harassment complaint he was unjustly terminated.

C. *The Hearing on the Petition*

As indicated, the record on appeal contains no record of the oral proceedings of the July 2 hearing. (Cal. Rules of Court, rule 8.120(b).)[2] The order indicates that the Bank appeared through its counsel, Jenkins, but no other persons, including England, appeared. Yet the Bank represents that Hirotsu and Dorris testified at the hearing, and England appeared on his own behalf and cross-examined them. The Bank submits: "After . . . an increasingly aggressive and hostile cross-examination of Mr. Hirotsu and Ms. Dorris by [England], the Court rejected [England]'s retaliation argument and issued the Restraining Order . . . ."

### III. DISCUSSION

An appellant has a duty to provide an adequate record on appeal to support his claims of error, and in the absence of an adequate record, the judgment is presumed correct. (*Roberson v. City of Rialto* (2014) 226 Cal.App.4th 1499, 1507 [Fourth Dist., Div. Two].) All intendments and presumptions are made to support the judgment on matters as to which the record is silent, and error must be affirmatively shown. (*Natkin v. California Unemployment Ins. Appeals Bd.* (2013) 219 Cal.App.4th 997, 1013.)

Here, the record on appeal is inadequate to support England's claims of evidentiary error. England's claims require this court to consider the oral proceedings at

---

[2] All further references to rules are to the California Rules of Court.

5

the July 2, 2013, hearing on the petition, but England did not ensure that the record on appeal included any record of the oral proceedings.  (Rule 8.120(b).)[3]

Accordingly, England has not shown that the court erroneously admitted any hearsay evidence.  Indeed, as the Bank points out, hearsay is admissible at hearings on workplace violence restraining orders.  (Code Civ. Proc., § 527.8, subd (j); *Kaiser Foundation Hospitals v. Wilson* (2011) 201 Cal.App.4th 550, 557, fn. omitted ["Trial judges are particularly aware of the potential unreliability of hearsay evidence, and are likely to keep this in mind when weighing all the evidence presented."].)

England has also not shown that the court erroneously refused to admit or consider evidence of his sexual harassment complaint or his retaliation defense.  Indeed, the record supports a contrary conclusion.  The record indicates the court was aware of England's bias, harassment, and retaliation claims because England explained the basis of the claims, in great detail, in his response to the petition.

Lastly, any bias of the witnesses went to the weight, not the admissibility, of their testimony.  (*Vorse v. Sarasy* (1997) 53 Cal.App.4th 998, 1001, 1009 [under all but the most limited circumstances, witness credibility is a question of fact to be resolved by the trier of fact]; Evid. Code, §§ 312, subd. (b), 780, subd. (f).)

---

[3] Rule 8.120(b) provides: "If an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court, the record on appeal must include a record of these oral proceedings in the form of one of the following: [¶]  (1)  A reporter's transcript under rule 8.130;  [¶]  (2)  An agreed statement under rule 8.134; or [¶]  (3)  A settled statement under rule 8.137."

## IV.  DISPOSITION

The workplace violence restraining order issued on July 2, 2013, and expiring on July 2, 2016, is affirmed.  The Bank shall recover its costs on appeal.  (Rule 8.278.)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

KING
                                                                                        J.


We concur:

McKINSTER
            Acting P. J.

MILLER
                        J.