Filed 9/30/15  Tran v. Derakhshanian CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CHARLES TRAN,<br><br>    Plaintiff, Cross-defendant and Appellant,<br><br>         v.<br><br>ALI DERAKHSHANIAN et al.,<br><br>    Defendants, Cross-complainants and Respondents;<br><br>JOHN TRAN,<br><br>    Cross-defendant and Appellant. | G050746<br><br>(Super. Ct. No. 30-2013-00643109)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Craig L. Griffin, Judge.  Affirmed.

Charles Tran, in pro. per., for Plaintiff, Cross-defendant and Appellant.

John Tran, in pro. per., for Cross-defendant and Appellant.

Law Office of Katherine Nguyen and Vinh Tran for Defendants, Cross-complainants and Respondents.

*            *            *

Plaintiff, cross-defendant and appellant Charles Tran (Charles) sued defendants, cross-complainants and respondents Ali Derakhshanian and AM Auto Sales and Leasing, Inc. Respondents cross-complained against cross-defendant and appellant John Tran (John; Charles and John are collectively referred to as appellants). After a bench trial, the court ordered judgment on the complaint in favor of respondents against Charles. On the cross-complaint it ordered judgment in favor of Charles against respondents and in favor of respondents against John.

Appellants raise three arguments in their separate briefs: respondents committed conversion; the cross-complaint should be dismissed because there was no valid contract; and the trial court failed to inform them the case would be tried without a jury. As to the first two claims, appellants are arguing insufficiency of the evidence.

But we cannot consider these claims due to an incomplete record. There is no reporter's transcript or settled statement of the trial. There was no statement of decision. Moreover, the clerk's transcript does not even include a copy of the complaint or cross-complaint. Essentially it consists of 10 exhibits Charles proposed to offer at trial, which apparently were not admitted or even offered, respondents' list of proposed exhibits, the minute orders from the trial, and the notices of appeal and related documents.

At oral argument Charles stated that at the time he filed his opening brief he unsuccessfully tried to file 12 exhibits. We allowed him to present them to us for our review. Ten of those exhibits were included in the clerk's transcript, as described above. The other two were not in the transcript, and without evidence they were before the trial court, even had a motion to augment been made, they are not properly before us. (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444.)

On appeal we must presume the judgment is correct. (*Roberson v. City of Rialto* (2014) 226 Cal.App.4th 1499, 1507.) Because it is appellants' burden to show error, they had the duty to provide us with a sufficient trial court record in support of their

2

arguments on appeal. (*Ibid*.) Without that record we do not know what happened during trial and we must affirm the judgment. (*Ibid*.; see *Protect Our Water v. County of Merced* (2003) 110 Cal.App.4th 362, 364 ["if it is not in the record, it did not happen"].)

As to the claim regarding the jury trial, the court's minute order states the parties waived a jury. Moreover, appellants did not provide any argument on this issue, including only one sentence in their briefs. Failure to make reasoned legal argument forfeits the claim. (Cal. Rules of Court, rule 8.204(a)(1)(B); *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)

The judgment is affirmed. Respondents are entitled to costs on appeal.


THOMPSON, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


BEDSWORTH, J.


3