Filed 5/12/21  In re S.N. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| In re S.N., a Minor. | D076964 |
| MONIQUE EALY,<br><br>Respondent,<br><br>v.<br><br>MOSES NWAIGWE,<br><br>Appellant. | (San Diego County<br>Super. Ct. No. ED99692) |

APPEAL from an order of the Superior Court of San Diego County, Laura E. Duffy, Judge.  Affirmed.

Moses Nwaigwe, in pro. per., for Appellant.

Bostick Legal and Tanisha N. Bostick for Respondent.


I.

INTRODUCTION

Monique Ealy and Moses Nwaigwe are the parents of S.N., a child born in 2013.  In October 2019, the trial court entered an order granting Ealy's

request for a court order to permit Ealy to relocate S.N.'s residence to South Carolina. Nwaigwe appeals from the order.

Nwaigwe, appearing in propria persona, contends that the move-away order should be reversed for four reasons. Nwaigwe maintains: (1) he was improperly "[c]oerced" by a judge "to sign a stipulation in 2016" pertaining to S.N.'s custody and the trial court improperly relied on this stipulation in granting Ealy's move-away request; (2) a Family Court Services (FCS) counselor "showed gender bias" (capitalization omitted) in recommending that the trial court grant the move-away request and the trial court failed to properly evaluate the FCS report; (3) the trial court abused its discretion in granting Ealy's move-away request; (4) trial counsel provided ineffective assistance.

We conclude that all of Nwaigwe's claims fail for lack of supporting evidence in the record. With respect to Nwaigwe's coercion claim, the record does not contain a transcript or any other evidence that a trial judge engaged in any improper action in gaining Nwaigwe's consent to a stipulation in 2016 pertaining to S.N.'s custody, nor any evidence that the trial court relied on the stipulation in granting Ealy's move-away request in 2019.[1] There is also no evidence in the record to support Nwaigwe's claim that an FCS counselor demonstrated gender bias or that the trial court failed to properly evaluate the FCS report. Nwaigwe cannot demonstrate that the trial court abused its discretion in granting Ealy's move-away request because the record does not contain reporter's transcripts or settled statements of the three evidentiary hearings that were held on Ealy's move-away request. Finally, there is no

---

[1] The stipulation itself is also not in the record; it appears that the stipulation reflected the parties' agreement to a 2016 FCS recommendation with respect to a prior custody order pertaining to S.N.

authority to support the proposition that ineffective assistance of counsel claims are cognizable in this context, and Nwaigwe fails to establish that trial counsel provided ineffective assistance in any event.

Accordingly, we affirm the trial court's order granting Ealy's move-away request.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

In September 2017, Ealy filed a request for a court order to permit her to relocate S.N.'s residence to South Carolina.[2]

In December 2017, an FCS report recommended that the trial court grant the request. The trial court held evidentiary hearings in June, July, and November 2018 on Ealy's request.

At the conclusion of the November 2018 hearing, the trial court entered a minute order adopting the FCS report with various modifications, finding that it is in "the child['s] best interest . . . to move to South Carolina with [Ealy]." The court entered a formal order with findings and rulings granting Ealy's move-away request on October 8, 2019.

Nwaigwe timely appeals from the October 8, 2019 order.

---

[2] In her September 2017 request for order, Ealy stated that a December 2016 order provided for "joint legal custody," and "physical custody . . . with [Ealy]." Ealy stated that the order provided for S.N. to have visitation with "[Nwaigwe] [on the] [first, second, fourth,] and any [fifth] weekend of each month," and from 4 p.m. Thursday to 8 a.m. Friday "prior to [the] [third] weekend [of each month], . . . ." The December 2016 order is not in the record on appeal.

III.

DISCUSSION

*There is no evidence in the record to support any of Nwaigwe's claims*

As noted in part I, *ante*, Nwaigwe contends that the trial court erred in granting Ealy's move-away request for several reasons. Prior to addressing each of Nwaigwe's claims individually, we outline the law governing an appellant's burden to demonstrate error on appeal.

A. *The law governing an appellant's burden to demonstrate error*

"As with any civil appeal, we must presume the [order] is correct, indulge every intendment and presumption in favor of its correctness, and start with the presumption that the record contains evidence sufficient to support the [order]." (*Steele v. Youthful Offender Parole Bd.* (2008) 162 Cal.App.4th 1241, 1251 (*Steele*).) "An appellant has the burden to overcome the presumption of correctness and show prejudicial error." (*Silva v. See's Candy Shops, Inc.* (2016) 7 Cal.App.5th 235, 260.) An appellant also has the burden of ensuring that an adequate record exists for review. (*Roberson v. City of Rialto* (2014) 226 Cal.App.4th 1499, 1503.) The failure to provide this court with an adequate record fails to satisfy an appellant's burden to demonstrate error, and precludes review of any asserted error. (See *Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416 (*Gee*) [" '[I]f the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed' "].)

Finally, an appellant "is not exempt from the foregoing rules because he is representing himself on appeal in propria persona. Under the law, a party may choose to act as his or her own attorney. [Citations.] '[S]uch a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys. [Citation.]' [Citation.]

Thus, as is the case with attorneys, pro. per. litigants must follow correct rules of procedure." (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)

B. *There is no evidence that a trial judge coerced Nwaigwe to sign a stipulation pertaining to S.N.'s custody or that the trial court relied on any such stipulation in granting Ealy's move-away request*

Nwaigwe claims that he "was coerced by [a] lower court judge to sign a stipulation giving away his custodial rights." (Capitalization omitted.) Specifically, Nwaigwe claims that "Judge Selena Dong Epley use[d] coaching [and] persuasive argument in convincing him to sign a stipulation in 2016," pertaining to S.N.'s custody. According to Nwaigwe, "[i]t appears the stipulation could have been the reason why [Nwaigwe] was not deemed the custodial parent," by the trial court in granting Ealy's move-away request.

The record does not contain a reporter's transcript or any other evidence supporting Nwaigwe's contention that Judge Epley engaged in any improper action in gaining Nwaigwe's consent to a stipulation in 2016. The stipulation itself is not in the record. Nor is there a reporter's transcript or any other evidence that the trial court relied on the 2016 stipulation in granting Ealy's move-away request. Thus, Nwaigwe has failed to overcome the presumption of correctness by providing an adequate record that demonstrates error. (See *Steele, supra*, 162 Cal.App.4th at p. 1251; *Gee, supra*, 99 Cal.App.4th at p. 1416.) Accordingly, we conclude that Nwaigwe is not entitled to reversal on the ground that a judge allegedly coerced him to sign a stipulation pertaining to S.N.'s custody in 2016 or that the court relied on the stipulation in granting the move-away order.

C. *There is no evidence that an FCS counselor demonstrated gender bias or that the trial court failed to properly evaluate the FCS report*

Nwaigwe claims that an FCS counselor demonstrated gender bias and that the trial court failed to properly evaluate the FCS report.

With respect to Nwaigwe's claim of gender bias, beyond his bare assertion, Nwaigwe's brief does not point to any specific instances of bias. Nor is there any evidence of such bias in the record.

With respect to Nwaigwe's contention that the trial court failed to properly evaluate the FCS report, Nwaigwe states the following:

> "Judge Laura Duffy by her actions demonstrated she did not read all the court documents, examine exhibits, check the credibility of each party, [and] instead completely relied on the FCS recommendation so it could be easily adopted. The trial court erred for ignoring the fact that the FCS counselor testified at trial that she had only [one] year of experience performing custody evaluations. The [c]ounselor testified that she had no supervisor sit in either. Her previous experience was unrelated to custody evaluations. Further, she stated on the stand that this was her first big 'move away' evaluation. During her testimony[,] she stated that errors in the recommendations happens frequently and that it is expected. However, the trial court still accepted the recommendations knowing what the counselor had testified to on the stand."

Notwithstanding Nwaigwe's allegations, there is no evidence that the trial court did not fully evaluate the FCS report. Indeed, the trial court's final order made numerous modifications to the FCS recommendation, including increasing Nwaigwe's parenting time during summer vacation months from that recommended by the FCS counselor.

To the extent that Nwaigwe's argument is based on the FCS counselor's purported testimony at the move-away hearing, Nwaigwe is precluded from prevailing on such an argument. (See *Estate of Fain* (1999) 75 Cal.App.4th 973, 992 (*Fain*).) As the *Fain* court explained:

> "Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters*. To put it another way, it is

6

presumed that the unreported trial testimony would demonstrate the absence of error.  [Citation.]." (*Ibid.*)

Thus, we are required to reject Nwaigwe's argument to the extent that it relies on his assertions as to the content of unreported testimony.[3]

Accordingly, we conclude that Nwaigwe is not entitled to reversal on the ground that an FCS counselor demonstrated gender bias or that the trial court failed to properly evaluate the FCS report.

D.  *Nwaigwe fails to demonstrate that the trial court abused its discretion in granting Ealy's move-away request*

Nwaigwe claims that the trial court abused its discretion in granting Ealy's move-away request.  In support of this claim, Nwaigwe argues that the trial court failed to:  (1) consider that a temporary restraining order had previously been entered against Ealy; (2) evaluate Ealy's conduct in parenting S.N.; (3) examine the detriment that a move would cause S.N.; (4) consider Nwaigwe's bond with S.N.; (5) examine the rationale for Ealy's move-away request; (6) consider Ealy's act in allegedly falsely accusing Nwaigwe of child abuse; and (7) preclude witnesses from testifying against Nwaigwe who lacked personal knowledge of him as an individual.

We are unable to evaluate Nwaigwe's contentions on their merits because of an inadequate record.  The court made its move-away order after considering the testimony of numerous witnesses given over the course of three days of hearings.  The lack of a reporter's transcript, or an agreed or settled statement summarizing the testimony given during the evidentiary hearings, prevents this court from assessing Nwaigwe's contentions.  Further,

---

[3]     Even assuming that the FCS counselor testified that she was inexperienced in performing custody evaluations, such testimony would not provide a basis for reversal.

given the inadequate record, we are required to presume that the evidence presented at the hearings supports the trial court's order.[4] (See *Fain, supra,* 75 Cal.App.4th at p. 992.)

Accordingly, we conclude that Nwaigwe fails to demonstrate that the trial court abused its discretion in granting Ealy's move-away request.[5]

E. *Nwaigwe is not entitled to reversal of the move-away order due to the alleged ineffectiveness of his trial counsel*

Nwaigwe claims that he is entitled to reversal of the move-away order due to the alleged ineffectiveness of his trial counsel. He contends that his trial counsel failed to "represent him or his interest at the move away hearing," including by failing to "introduce critical evidence," failing to engage in effective "questioning" of witnesses, and failing to provide a "proper legal strategy."

Nwaigwe acknowledges that ineffective assistance of counsel is a "term . . . usually applied to appeal criminal cases by defendants." Indeed, such claims are premised on the Sixth Amendment's[6] guarantee of the right to the assistance of counsel in *criminal* cases. (See *Yarborough v. Gentry* (2003) 540 U.S. 1, 5 ["The Sixth Amendment guarantees *criminal* defendants

---

[4]     The temporary restraining order that Nwaigwe claims the trial court failed to adequately consider is also not contained in the record.

[5]     Nwaigwe also asserts that the trial judge's "unethical past behaviors . . . may have affected the outcome at the hearing." This argument is completely unsupported by the record and has no place in an appellate brief.

[6]     (U.S. Const., 6th Amend. [guaranteeing a defendant "[i]n all *criminal* prosecutions," the right "to have the Assistance of Counsel for his defence" (italics added)].)

the effective assistance of counsel" (italics added)].)  The Sixth Amendment and case law interpreting that provision have no application to this *family law* case.  In any event, Nwaigwe presents no *evidence*[7] that his counsel was ineffective.

Accordingly, we conclude that Nwaigwe is not entitled to reversal of the move-away order due to the alleged ineffectiveness of his trial counsel.

IV.

DISPOSITION

The October 8, 2019 order is affirmed.  Nwaigwe is to bear costs on appeal.

AARON, J.

WE CONCUR:

McCONNELL, P. J.

GUERRERO, J.

---

7       As noted *ante*, the record contains no transcript of the move-away hearing and as a result, we have no way to evaluate trial counsel's effectiveness at the hearing.  This circumstance also precludes Nwaigwe from prevailing on his claim.  (See *Fain, supra*, 75 Cal.App.4th at p. 992.)