Filed 10/3/25  Brown v. Cole CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| LANA BROWN,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>JONATHAN COLE,<br><br>    Defendant and Respondent. | B339587<br><br>(Los Angeles County<br>Super. Ct. No. 23STCV24085) |

APPEAL from an order of the Superior Court of Los Angeles County.  Jessica A. Uzcategui, Judge.  Affirmed.

PTAH Law Group and Cherisse Gay Lanier for Plaintiff and Appellant.

Lester, Cantrell & Kraus, Colin A. Northcutt and Cole Heggi for Defendant and Respondent.

_____

Lana Brown appeals from an order entered after the trial court granted a special motion to strike (Code Civ. Proc., § 425.16, commonly known as an anti-SLAPP motion) filed by defendant Jonathan Cole. Brown alleges that Cole engaged in misconduct while serving as court-appointed counsel and guardian ad litem in underlying probate and trust proceedings.  In her opening brief, Brown argues that the trial court erred in granting Cole's anti-SLAPP motion because (among other asserted errors) the court should not have found that the claims against Cole arose from protected activity under the anti-SLAPP statute.

Brown, however, has failed to provide an adequate record for appellate review.  We must presume that the record before the trial court supports its ruling, and we accordingly affirm the order granting Cole's anti-SLAPP motion.

## BACKGROUND

In designating the record on appeal, Brown requested that the court clerk provide only a handful of documents.  Noticeably absent from Brown's designation were her complaint, Cole's Anti-SLAPP motion, Brown's own opposition papers, the reply, evidence submitted by the parties in connection with the motion, objections to the evidence, and other documents necessary for an adequate review.  (See Cal. Rules of Court, rule 8.122(a), (b)(3)(A)–(B) [notice designating documents in a clerk's transcript must include documents filed in trial court and exhibits admitted in evidence].)

As the record on appeal is inadequate, we briefly summarize the factual background recounted in the trial court's order granting Cole's anti-SLAPP motion:  In February 2020, Brown filed a petition for conservatorship of Grace Elaine Taylor Barnwell, alleging that

2

Shavonne Hunter, Barnwell's niece, was financially abusing Barnwell.[1] Hunter filed a competing petition for conservatorship, alleging that Brown exerted undue influence over Barnwell, inducing her to modify her estate plan. The probate court appointed Cole as court-appointed counsel for Barnwell, and later as her guardian ad litem. Cole's actions included seeking confirmation that Barnwell's property was held in a trust, and requesting and obtaining appointment of a special trustee. Following Barnwell's death in 2022, Brown filed the complaint in this case, alleging causes of action including financial elder abuse, professional negligence, and breach of fiduciary duty against Cole and the special trustee. According to the trial court's order, the gravamen of Brown's complaint against Cole is that he used his position as court-appointed counsel and guardian ad litem to commit elder abuse, and that he failed to protect Barnwell's interests.

The trial court granted Cole's anti-SLAPP motion on May 16, 2024, finding that the causes of action against Cole arose from protected activity, and that Brown could not demonstrate a probability of prevailing on the merits because Cole's conduct as court-appointed counsel and guardian ad litem was protected by quasi-judicial immunity.

Brown filed a timely notice of appeal.

## DISCUSSION

Parties who challenge an order on appeal must provide an adequate record for review. "A fundamental principle of appellate practice is that an appellant ' "must affirmatively show error by an adequate record. 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent.' " ' " (*Null v. City of Los*

---

[1] The limited record does not explain the nature of Brown's relationship with Barnwell. The opening brief states that they were close friends.

*Angeles* (1988) 206 Cal.App.3d 1528, 1532.)  When the appellant fails to provide a record sufficient to evaluate her claims, the court must resolve the issues against her.  (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–1296.)  The paltry record in this matter is insufficient to evaluate Brown's claims that the trial court erred in granting Cole's anti-SLAPP motion.

As noted above, Brown's notice designating the record on appeal failed to seek inclusion of nearly every essential document. Consequently, her opening brief lacks record citations and relies on unsupported assertions, violating the rule that a party must support factual assertions with citations to the record.  (Cal. Rules of Court, rule 8.204(a)(1)(C); *Delta Stewardship Council Cases* (2020) 48 Cal.App.5th 1014, 1079.)  "The claimed existence of facts that are not supported by citations to pages in the appellate record . . . cannot be considered by this court."  (*Mueller v. County of Los Angeles* (2009) 176 Cal.App.4th 809, 816, fn. 5.)

" '[I]t is axiomatic that statements made in briefs are not evidence' [citation] and that reviewing courts 'do not consider' unsupported 'factual assertions' in appellate briefs 'that find no basis in the record.' " (*Turrieta v. Lyft, Inc.* (2024) 16 Cal.5th 664, 697.)  Brown argues broadly that the claims against Cole did not arise from protected activity and that quasi-judicial immunity did not cover Cole's conduct as court-appointed counsel and guardian ad litem.  But without the pertinent pleadings, motion and opposition papers, or evidence, we cannot meaningfully review the trial court's order granting Cole's motion.  Because the record is inadequate, we must presume the trial court's order granting the anti-SLAPP motion was correct.  (*Roberson v. City of Rialto* (2014) 226 Cal.App.4th 1499, 1507 ["In the absence of an adequate record, the judgment is presumed correct."].)

## DISPOSITION

The May 16, 2024 order is affirmed.  Cole is entitled to his costs on appeal.

NOT TO BE PUBLISHED.


                                            LUI, P. J.

We concur:



RICHARDSON, J.



GOORVITCH, J.*

---

* Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.