[Civ. Nos. 18798-18800.   Second Dist., Div. Two.   Oct. 16, 1952.]

ALEXANDER A. THOMAS et al., Appellants, v. LOUIS LAGUNA et al., Respondents.

Melvin Simon and Samuel Schekman for Appellants.

Hunter & Liljestrom and Wendell Mackay for Respondents.

McCOMB, J.—From a judgment in favor of defendants after trial before a jury in an action to recover damages for injuries resulting from an automobile collision, plaintiffs appeal.

On January 15, 1950, plaintiffs were returning to Los Angeles from Perris, California on Firestone Boulevard in an automobile being driven by plaintiff Thomas. At the place where the accident occurred Firestone Boulevard consisted of three traffic lanes which, for the purposes of this opinion, will be designated as follows: the eastbound lane, No. 1; the center passing lane, No. 2; and the westbound lane, No. 3. The permissive speed limit was 55 miles per hour.

At about the same time defendant Louis Quesada Laguna was driving a truck belonging to his father, the codefendant, in an easterly direction on Firestone Boulevard at a speed of about 40 miles per hour in lane No. 1. He gradually overtook several automobiles traveling in the same direction and in order to pass them he blinked his lights as a signal to pass and turned into lane No. 2. He continued in lane No. 2 and was even with the second car traveling in the same direction which was in lane No. 1. As he approached the car driven by plaintiff Thomas, which at the time was in lane No. 3 and about 25 feet from the truck, plaintiffs' car turned into lane No. 2 and collided with defendants' truck. The entire left front of plaintiffs' car was demolished but there was no damage to the left front fender or bumper of defendants' truck.

As a result of the accident plaintiffs were seriously injured. ■ *Questions:* First: *Was there substantial evidence to sustain the verdict of the jury?*

*Yes.* Defendant Louis Quesada Laguna gave direct testimony relative to each of the facts set forth above. This evidence having been believed by the jury is binding upon an appellate court, and clearly shows that defendants were free from negligence. We, of course, are bound to resolve all conflicts in the evidence in favor of defendants (respondents) and to draw all inferences from the evidence which will support the verdict of the jury. (*Estate of Bristol,* 23 Cal.2d

221, 223 [2] [143 P.2d 689]; *Estate of Teel*, 25 Cal.2d 520, 527 [3] [154 P.2d 384].)

■ Second: *Were defendants guilty of contributory negligence in traveling in the center lane in violation of section 526(b) of the Vehicle Code?*

*No.* Section 526(b) of the Vehicle Code reads: "Driving in center lane. Upon a roadway which is divided into three lanes a vehicle shall not be driven in the center lane except when overtaking and passing another vehicle where the roadway ahead is clearly visible and such center lane is clear of traffic within a safe distance, or in preparation for a left turn or where such center lane is at the time allocated exclusively to traffic moving in the direction the vehicle is proceeding and is signposted to give notice of such allocation."

It is to be noted that the quoted section prohibits the driving in the center lane of a three lane highway "except when overtaking and passing another vehicle." In the instant case the evidence disclosed that defendants in using the center lane of the highway were using it within the permissive provision of section 526(b), Vehicle Code.

Third: *Did the court commit prejudicial error in its rulings upon the admission of evidence?*

*No.* ■ (a) During the course of the trial the following occurred:

"Q. Louis, after you got into lane 2, the middle lane, after you turned out into that lane to pass these cars, did one car going the opposite direction pass by you before the accident happened? A. Yes.

"Q. What lane was it in, the one that passed you? A. That was in lane 3.

"Q. Louis, from the time you first turned out into the center lane to pass these two cars that were ahead of you, was your truck at any time out of that center lane before the accident?

"Mr. Schekman: Just a moment. That is objected to as calling for a conclusion on the part of this witness.

"The Court: Overruled."

There was no error in the court's ruling. The question did not call for a conclusion of the witness but for a fact. Therefore the evidence was properly received.

■ (b) On redirect examination plaintiffs asked the witness:

"Q. Now, when you were passing this first car, about how close was the right side of your truck to the dividing line between lanes 1 and 2? A. About three feet.

"Q. Three feet? A. Two and a half to three feet.

"Q. And then the accident happened; is that correct? A. Yes."

Counsel for plaintiffs then interrogated the witness at great length about his operation of the car and his observation of the road and the speedometer of the car. He then asked the following question:

"Q. You recall that yesterday, when I asked you, 'Now, when you were passing this first car, about how close was the right side of your truck to the dividing line between lanes 1 and 2' you answered, 'About 3 feet.'

"Mr. Liljestrom: To which we object upon the ground it is argumentative; and, furthermore, it is a different question.

"The Court: Sustained as argumentative."

The foregoing ruling was correct for the reason that the question had been asked and answered both on cross-examination and redirect examination. (See *Converse* v. *Ferguson*, 166 Cal. 1, 6 [134 P. 977].)

Fourth: *Did the trial court err in giving or refusing to give instructions?*

This question must be answered in the negative and is governed by these rules:

(1) The giving of an instruction will not be reviewed by an appellate court unless the record sets forth the questioned instruction. (*Joerger* v. *Pacific Gas & Electric Co.*, 207 Cal. 8, 27 [20] [276 P. 1017].)

(2) The refusing of an instruction will not be reviewed by an appellate court unless the record sets forth the requested instruction. (*Alexander* v. *McDonald*, 86 Cal.App.2d 670, 671 [2] [195 P.2d 24].)

In the present case the record fails to contain any of the instructions requested by either party or those given by the court. Therefore the above rules are applicable and it will be presumed that the jury was fully and fairly instructed by the trial court and that there was no error in the giving or refusal to give instructions. (See *Alexander* v. *McDonald*, *supra*, 671 [5]; *Foster* v. *Young*, 172 Cal. 317, 321 [156 P. 476]. See, also, 3 Cal.Jur.2d (1952), Appeal and Error, § 275, p. 819.)

Affirmed.

Moore, P. J., and Fox, J., concurred.