[Civ. No. 22964.   Second Dist., Div. One.   July 9, 1958.]

MINNIE V. BEANE, Respondent, v. LOS ANGELES TRANSIT LINES (a Corporation), Appellant.

Ronald A. Burford for Appellant.

E. O. Leake and J. J. Leake for Respondent.

FOURT, J.—This is an appeal from an order granting plaintiff's motion for a new trial.

Plaintiff brought an action for damages for certain personal injuries allegedly sustained after she had fallen in a bus of the defendant while she was a passenger therein. At the trial the verdict of the jury was in favor of the defendant.

The plaintiff made a motion for a new trial upon substantially all of the statutory grounds. The minute entry with reference to the order of the court is as follows:

"Plaintiff's motion for new trial comes on regularly for hearing; E. O. Leake of E. O. Leake & J. J. Leake appearing as counsel for plaintiff and Ronald A. Burford by Gerald E. McCluskey appearing as counsel for defendant.

"Motion is argued. Motion for new trial is by the Court granted, the Court citing the case of *Ernest Shaw* v. *Pacific Greyhound Lines,** 153 A.C.A. #1 43 [314 P.2d 167], and the court's error in instruction of the jury.

"The above minute order is true and correct.

"/s/ A. Yosha [Deputy County Clerk]"

The appellant contends that the court erred in citing *Shaw* v. *Pacific Greyhound Lines,** 153 A.C.A. 43 [314 P.2d 167]; that it was not error to give res ipsa loquitur, even when applicable, unless requested by the plaintiff, that it was not error to give res ipsa loquitur and BAJI Number 131 together, and that it was not error to give BAJI Number 131 in the instant case, in the absence of an instruction on res ipsa loquitur.

In the order granting the motion for a new trial, no mention whatever is made of instruction BAJI Number 131, or of the giving or not giving of an instruction on res ipsa loquitur. The court undoubtedly gave many instructions to the jury, several of which the plaintiff apparently contended were erroneous. The court, in granting the motion for a new trial, determined that it had erroneously instructed the jury, but did not specify in what respect such error had occurred, or what particular instructions were erroneous.

██ None of the instructions given, nor the instructions refused are in the record before this court, and it is therefore impossible for us to determine whether there was any error in the giving or in the refusing to give any particular instruction. See *Thomas* v. *Laguna,* 113 Cal.App.2d 657, at page 660 [248 P.2d 929]:

---

*A hearing was granted by the Supreme Court on September 25, 1957. The final opinion of the court was reported in 50 Cal.2d 153 [323 P.2d 391].

"(1) The giving of an instruction will not be reviewed by an appellate court unless the record sets forth the questioned instruction. (*Joerger* v. *Pacific Gas & Electric Co.,* 207 Cal. 8, 27 [276 P. 1017].)

"(2) The refusing of an instruction will not be reviewed by an appellate court unless the record sets forth the requested instruction. (*Alexander* v. *McDonald,* 86 Cal.App.2d 670, 671 [195 P.2d 24].)"

The order granting the plaintiff's motion for a new trial is affirmed.

White, P. J., and Lillie, J., concurred.