[No. C000406. Third Dist. Dec. 30, 1988.]

RAYMOND G. NULL et al., Plaintiffs and Appellants, v.
CITY OF LOS ANGELES et al., Defendants and Appellants.

[Opinion certified for partial publication.*]

---

*Pursuant to rule 976.1 of the California Rules of Court, all portions of this opinion shall be published except parts II and III of the Discussion.

**COUNSEL**

Nina R. Meierding and Darold McCrary for Plaintiffs and Appellants.

James K. Hahn, City Attorney, Edward C. Farrell and Edward A. Schlotman, Assistant City Attorneys, for Defendants and Appellants.

## OPINION

**SIMS, J.**—Here we hold that where an appellant challenges a judgment founded on a jury verdict in a civil case on the ground it is not supported by substantial evidence, but the appellant makes no claim that the jury instructions were erroneous, the substantiality of the evidence is measured by rules contained in the instructions given the jury.

### FACTS AND PROCEDURAL HISTORY

A jury awarded plaintiffs Raymond G. Null and Laverne Anderson $22,376 for conversion of personal property by defendants City of Los Angeles and its employee James F. Wickser. It also awarded $5,000 in punitive damages against Wickser. Both plaintiffs and defendants have appealed from the ensuing judgment. For reasons that shall appear, the facts may be briefly stated, as follows:

In 1981, plaintiffs stored logs on property in Mono County leased by the Department of Water and Power of the City of Los Angeles (Department) to John Lacey, an acquaintance of plaintiffs who gave them permission for the storage.

In the fall of 1981, a Mono County zoning officer told the Department storage of the logs was in violation of a county code and in November the Department demanded that Lacey remove the logs. Lacey relayed the demand to plaintiff Anderson.

Thereafter, plaintiff Anderson and representatives of the Department had several discussions in which the Department reiterated its demand that the logs be moved and Anderson communicated his attempts to find another location for storage.

On February 26, 1982, a Friday, defendant Wickser told his subordinate James D. Lee that he wanted the logs moved and was going to get rid of them. Wickser gave Lee a written permit to enter the Lacey leasehold and remove wood. Wickser may also have given a permit to an employee named Jeter. Lee spoke to other employees who indicated they also wanted some wood. Lee then spoke to Wickser who told him to photocopy copies of the permit and give them to the others. Lee made 15 copies.

Lee and Jeter drove to the sheriff's substation near the Lacey ranch. Jeter told the watch commander that a number of people would be at the wood pile the next day. The watch commander said he would need a copy of the

permit to post on the bulletin board so the next watch commander would know what was going on.

When Lee arrived at the Lacey ranch the next morning, what he saw "looked like opening day of fishing season." Fifty people were already cutting logs when Lee arrived and when he left an hour and 20 minutes later there were approximately 100. He recognized four people as Department employees.

Ultimately, all the logs were cut up and removed, and plaintiffs filed this lawsuit for conversion.

In an unpublished portion of this opinion, we reject plaintiffs' contentions that the trial court erroneously (1) forced them to elect a measure of damages prior to trial and (2) excluded evidence of plaintiffs' opinion of the value of the logs.

In this published portion, we consider and reject plaintiffs' contentions that the trial court erroneously instructed the jury on (1) plaintiffs' opinion of what the converted goods were worth to them; (2) the standards for awarding punitive damages; and (3) plaintiffs' duty to mitigate damages. We also consider and reject defendants' appeal, where they contend: (1) they are not liable for conversion because any control they asserted over plaintiffs' personal property was justified; (2) they are not liable for the acts of third parties; and (3) the punitive damage award against defendant Wickser is not supported by substantial evidence.

DISCUSSION

*Plaintiffs' Appeal*

I

*Plaintiffs' Challenges to the Jury Instructions Are Unreviewable Because the Instructions Actually Given Are Not in the Record.*

Plaintiffs make three challenges to the jury instructions given by the trial court. They are: (1) defendants' special jury instruction No. 11 erroneously limited the weight the jury could give to their opinion testimony of the logs' value; (2) defendants' special jury instruction No. 26 erroneously stated the standard for awarding punitive damages; and (3) defendants' special jury instruction No. 18 erroneously instructed on plaintiffs' duty to mitigate damages.

None of these contentions is reviewable because the challenged instructions are not in the record on appeal. The instructions actually given are not transcribed in the reporter's transcript. That transcript does contain a discussion of various instructions, at the conclusion of which the trial court indicated, by number, which instructions it would give.[1] However, the reporter's transcript fails to reflect the content of the challenged special instructions.

Nor is the clerk's transcript of greater help. It contains lists of standard BAJI instructions requested by plaintiffs and defendants. It also contains various specially prepared instructions. However, they are not identified by proponent or number, nor is there any indication whether they were given, modified, or refused. Indeed, there are no explanatory marks on them of any kind. Nor are the instructions preceded by a cover memo stating "instructions given" or "instructions refused." In short, the record on appeal does not disclose the content of the special instructions challenged by plaintiffs.

■ A fundamental principle of appellate practice is that an appellant " 'must affirmatively show error by an adequate record. . . . Error is never presumed. . . . "A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent . . . ." (Orig. italics.)' [Citation.]" (*Kearl* v. *Board of Medical Quality Assurance* (1986) 189 Cal.App.3d 1040, 1051 [236 Cal.Rptr. 526], quoting *Rossiter* v. *Benoit* (1979) 88 Cal.App.3d

---

[1] The trial court stated it would instruct the jury with: BAJI Nos. 1.00 [Respective Duties of Judge and Jury]; 1.00.5 [Juror Forbidden to Make any Independent Investigation]; 1.01 [Instructions to be Considered as a Whole]; 1.02 [Statements of Counsel—Evidence Stricken Out—Insinuations of Questions]; 1.03 [Entity Not to Be Prejudiced As Such]; 1.20 ["Plaintiff" and "Defendant" Applies to Each Similarly Designated]; 2.00 [Direct and Circumstantial Evidence—Inferences]; 2.01 [Weighing Conflicting Testimony]; 2.02 [Failure to Produce Available Stronger Evidence]; 2.04 [Failure to Deny or Explain Adverse Evidence]; 2.05 [Limited Admission of Evidence—Parties or Purpose]; 2.06 [Deposition Testimony]; 2.07 [Interrogatories]; 2.20 as modified [Believability of Witness]; 2.21 [Discrepancies in Testimony]; 2.22 [Witness Wilfully False]; 2.40 [Expert Testimony—Qualifications of Expert]; 2.41 [Weighing Conflicting Expert Testimony]; 2.42 [Hypothetical Questions]; 2.60, modified in an unascertainable manner [Burden of Proof and Preponderance of Evidence]; 3.76 [Legal Cause—Definition Of]; 13.01 [Scope of Authority—Meaning]; 13.04 [Directed Imputation Against a Defendant Principal—Principal Sued But Not Agent—No Issue as to Agency or Scope of Employment]; 15.02 [Each Defendant Entitled to Separate Consideration]; 15.20 [Jury Not to Take Cue From Judge]; 15.22 [All Instructions Not Necessarily Applicable]; 15.30 [Jurors to Deliberate]; 15.31 [How Jurors Should Approach Their Task]; 15.33 [Chance or Quotient Verdict Prohibited]; 15.35 [Manner of Recording Instruction of No Significance—Content Only Governs]; 15.50 [Concluding Instruction—General Verdict Without Special Findings] and with plaintiffs' special instructions Nos. 2, 3, 4 and 10 and defendants' special instructions Nos. 1, 3, 5, 10, 11, 14, 15, 17, 18, 19 (as somehow modified), 23 (as somehow modified), 25 and 26.

706, 712 [152 Cal.Rptr. 65]; see *Buckhart* v. *San Francisco Residential Rent etc., Bd.* (1988) 197 Cal.App.3d 1032, 1036 [243 Cal.Rptr. 298]; 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 418, pp. 415-416.)

■ A corollary of this rule is that, "The giving of an instruction will not be reviewed by an appellate court unless the record sets forth the questioned instruction. [Citation.]" (*Thomas* v. *Laguna* (1952) 113 Cal.App.2d 657, 660 [248 P.2d 929]; see *Joerger* v. *Pacific Gas & Electric Co.* (1929) 207 Cal. 8, 27 [276 P. 1017]; *Beane* v. *Los Angeles Transit Lines* (1958) 162 Cal.App.2d 58, 59 [327 P.2d 593].) Since plaintiffs have not furnished a record showing the challenged instructions, we cannot review their claims of error. (*Ibid.*)

## II, III*

. . . . . . . . . . . . . . . . . . . . .

*Defendants' Appeal*

## IV

*Because the Record Fails to Show the Rules of Law Given the Jury in the Instructions, Defendants' Claims of Lack of Evidence to Support the Verdict Are Not Reviewable.*

In their appeal, defendants contend: "A. Any Control Asserted Over Appellant's Logs Was Not Unwarranted; Nor Are Respondents Liable for the Independent Acts of Third Parties," and

"B. There Is No Substantial Evidence to Support the Award of Punitive Damages Against the Individual [Defendant]."

Defendants' second contention is avowedly a substantial evidence argument. So is the first argument, although it is not expressly described as such. ■ Defendants argue that, under the law of conversion as they see it, the evidence adduced at trial fails to show they are liable. They also assert the evidence shows liability is precluded by Government Code sec-

---

* See footnote, *ante,* page 1528.

tions 815.2, subdivision (b)[4] and 820.8.[5] However, defendants make no challenge to the jury instructions. Consequently, their argument must be that no substantial evidence supports the verdict and they are entitled to judgment as a matter of law.

It is apparent that defendants and this court have a fundamental disagreement about the way in which their arguments should be resolved.

Defendants acknowledge they are asking this court to measure the evidence adduced at trial against rules of law. Our disagreement concerns where the appropriate rules of law are to be found. In defendants' view, the rules are located in law books: in codes, reports of appellate cases, etc. In essence, defendants ask us to pull these books from the shelves, to determine the applicable rules of law, and to use the rules to measure the evidence.

In our view, since defendants assert no claim of error in the jury instructions, the rules are properly located in the instructions given the jury. This is so for reasons we recently stated in *Richmond* v. *Dart Industries, Inc.* (1987) 196 Cal.App.3d 869 [242 Cal.Rptr. 184]: "[Defendants'] contention that the verdict is unsupported by the evidence is necessarily a claim of jury error. In a jury trial it is the duty of the jury to determine the true facts from the evidence and to apply the rules of law set forth in the instructions to the true facts to arrive at a verdict. [Citations.] By claiming the verdict is wrong, and by making no challenge to the jury instructions, [defendants] necessarily claim the jury failed to do its duty under the instructions." (*Id.,* at p. 877.).

Defendants' theory of review is unacceptable. It would allow reversal of a judgment even though neither the trial judge nor the jury committed any error. ■ " ' "In a civil case, each of the parties must propose complete and comprehensive instructions in accordance with his theory of the litigation; if the parties do not do so, the court has no duty to instruct on its own motion." [Citations.]' (*Agarwal* v. *Johnson* (1979) 25 Cal.3d 932, 950-951

---

[4] Government Code section 815.2 provides: "(a) A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.

"(b) Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability."

[5] Government Code section 820.8 provides: "Except as otherwise provided by statute, a public employee is not liable for an injury caused by the act or omission of another person. Nothing in this section exonerates a public employee from liability for injury proximately caused by his own negligent or wrongful act or omission."

[160 Cal.Rptr. 141, 603 P.2d 58].) Neither a trial court nor a reviewing court in a civil action is obligated to seek out theories [a party] might have advanced, or to articulate for him that which he has left unspoken." (*Finn v. G. D. Searle & Co.* (1984) 35 Cal.3d 691, 701-702 [200 Cal.Rptr. 870, 677 P.2d 1147].) "In order to complain of failure to instruct on a particular issue the aggrieved party must request the *specific proper instruction.*" (7 Witkin, Cal. Procedure, *op. cit. supra,* Trial, § 242, p. 248, original italics.) However, in derogation of these established rules, defendants' theory of review would allow a party to withhold a theory from the jury, by failing to request instructions, and then to obtain appellate review of the evidence and reversal of the judgment on a theory never tendered (or tendered in a different form) to the jury. This process could require a new trial (see *Boyle v. Hawkins* (1969) 71 Cal.2d 229, 232, fn. 3 [455 P.2d 97]; *Richmond v. Dart Industries, Inc., supra,* 196 Cal.App.3d at pp. 879-880) even though the original trial judge and jury did their respective duties without error. That result would also violate the strong rule of policy that parties to civil lawsuits "ought not have two trials where they could have had but one. [Citation.]" (*Richmond, supra,* at p. 879.)

We therefore conclude that where a party to a civil lawsuit claims a jury verdict is not supported by the evidence, but asserts no error in the jury instructions, the adequacy of the evidence must be measured against the instructions given the jury.

This leaves the question whether defendants have furnished a record allowing our review of their contentions. It is clear they have not. As we have discussed, we have been furnished with an incomplete record of the instructions received by the jury. (See fn. 1, *ante.*) Conspicuously absent from the record are all special instructions, presumably including those on conversion, governmental immunities, and punitive damages.[6] Although the reporter's transcript reflects robust arguments as to the content of these

---

[6] With respect to whether defendants may be held liable for the acts of third parties, plaintiffs suggest defendants' liability for the intentional tort of conversion is justified by the rule of causation adopted by this court in *United States Fid. & Guar. Co.* v. *American Employer's Ins. Co.* (1984) 159 Cal.App.3d 277 [205 Cal.Rptr. 460]. There, we explained that "The critical question as to causation in intentional torts is whether the actor's conduct is a substantial factor in bringing about the type of harm which he intended from his original act. [Citation.] ' "[N]o consideration is given to the fact that after the event it appears highly extraordinary that it should have brought about such harm or that the actor's conduct has created a situation harmless unless acted upon by other forces for which the actor is not responsible." ' [Citations.] '[T]he notion of independent intervening cause has no place in the law of intentional torts, so long as there is a *factual* chain of causation.' [Citation.]" (*Id.,* at p. 285, italics in original.) While plaintiffs' claim of substantial evidence under this rule appears correct, we cannot resolve defendants' contention on this ground. Since we cannot know whether the jury was instructed upon this or some other theory, we simply cannot review defendants' claim of error.

instructions, the content of the instructions as actually given cannot be gleaned from the arguments.

Since defendants have not furnished a record upon which it can be determined that the jury erroneously reached a verdict on the instructions given it, defendants have failed to demonstrate error in the trial court. (See *Joerger* v. *Pacific Gas & Electric Co., supra,* 207 Cal. at p. 27; *Buckhart* v. *San Francisco Residential Rent etc., Bd., supra,* 197 Cal.App.3d at p. 1036; *Richmond* v. *Dart Industries, Inc., supra,* 196 Cal.App.3d at p. 877.)

## DISPOSITION

The judgment is affirmed. Each party shall bear its own costs on appeal.

Puglia, P. J., and Blease, J., concurred.