Filed 2/10/16  P. v. Tremaine CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GREGORY STEVEN TREMAINE,<br><br>    Defendant and Appellant. | C077764<br><br>(Super. Ct. Nos. CM040514,<br>    CM040227) |

Appointed counsel for defendant Gregory Steven Tremaine has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We conclude there is no arguable error that would result in a disposition more favorable to defendant.  However, there is an error in the abstract of judgment that must be corrected.  Accordingly, we order a correction to the abstract of judgment and affirm the judgment.

# I

## *Factual and Procedural Background*

On October 26, 2013, defendant was standing in line at an Oroville Wal-Mart when he struck the face and neck of a woman standing next to him. The victim fell to the ground after the attack, and her body went limp and motionless for at least one second. The victim said she "saw stars" after the attack and could not remember whether she lost consciousness. Following the attack, the victim thought she was losing time and had to relearn tasks like counting numbers. The victim's son witnessed the attack and became afraid to go to Wal-Mart as a result.

On January 4, 2014, defendant brandished a knife at and threatened to kill members of the Alcoholics Anonymous meeting he was attending. A search of his car found the knife and a pair of metal knuckles.

Defendant pleaded no contest to assault by means likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4))[1] and possession of metal knuckles (§ 21810). The trial court sentenced defendant to serve four years eight months in state prison, ordered various fines and fees, and awarded 585 days of presentence credit (293 actual and 292 conduct).

Defendant appeals. His request for a certificate of probable cause was denied.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.

---

[1]     Undesignated statutory references are to the Penal Code.

2

## II

### *Defendant's Supplemental Brief*

Defendant filed a supplemental brief. He first asserts he had filed a lawsuit before "the Hague CMU-LUU-00021" against the Butte County District Attorney and the Butte County District Attorney's Office for "crimes against humanity." Defendant wished to show a conflict of interest and seek a change of venue. The record contains no information regarding this lawsuit and defendant did not move to disqualify the prosecutor or to change the venue. We conclude defendant's contention is forfeited because he did not raise the issue in the trial court. (*People v. Simon* (2001) 25 Cal.4th 1082, 1103-1104.)

Next, defendant attaches a federal search warrant that was executed against him and his property while the prosecution was pending and asserts the search found evidence showing a conflict of interest. The record does not show the search found any evidence showing a conflict of interest. Thus, defendant's assertion is rejected. (*Null v. City of Los Angeles* (1988) 206 Cal.App.3d 1528, 1532, 1535-1536 [appellant has duty to affirmatively show any error by an adequate record].)

Defendant also claims the Federal Bureau of Investigation and the district attorney's office withheld the search evidence from him. Since the record does not show the existence of such evidence, defendant's claim fails because he has not established prejudice. (*People v. Mesa* (2006) 144 Cal.App.4th 1000, 1008.)

## III

### *Error in the Abstract of Judgment*

There is an error in the abstract of judgment. The trial court ordered a $60 court facilities assessment reflecting the statutory amount of $30 per felony conviction (Gov. Code, § 70373), but the abstract shows a $40 per felony assessment. We order a correction to the abstract.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.  The trial court is directed to prepare a corrected abstract of judgment reflecting a $60 court facilities assessment (Gov. Code, § 70373) and to forward a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation.

          /s/          
HOCH, J.

We concur:

          /s/          
ROBIE, Acting P. J.

          /s/          
BUTZ, J.