Filed 3/4/26  Harlem v. Corben CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| DYLAN HARLEM et al., <br><br> Plaintiffs and Respondents, <br><br> v. <br><br> KENNETH CORBEN, <br><br> Defendant and Appellant. | 2d Civ. No. B339187 <br> (Super. Ct. No. 23CV01256) <br> (Santa Barbara County) |

Kenneth Corben appeals from the trial court's denial of his motion to set aside the default judgment entered against him and in favor of Krisp Productions NY, LLC (Krisp).  We affirm.

## FACTS AND PROCEDURAL HISTORY

In 2023, Krisp and other individuals (collectively Respondents) filed a lawsuit against Corben and others in Santa Barbara County.  The lawsuit alleged, among other things, that Corben and other defendants[1] breached their obligations and intentionally made false misrepresentations related to a joint

---

[1] The other defendants are not party to this appeal.

venture agreement to operate a commercial marijuana farm in Santa Maria purportedly owned by Corben's entity, Equal 7 LLC, and split the profits. Respondents sought the return of their investment and punitive damages after Corben allegedly failed to share profits with them.

In March 2023, Respondents personally served Corben with the lawsuit and a notice of punitive damages in the amount of $1,000,000. Corben then communicated with Respondents' counsel and agreed to produce financial records and participate in settlement discussions in exchange for Respondents' agreement to not request Corben's default. Based on Corben's representations that no defendant lived in Santa Barbara County, the parties stipulated to transfer the action to Los Angeles County. But Respondents could not file the stipulation because Corben had not appeared in the lawsuit or paid appearance fees. Respondents' counsel notified Corben the stipulation could not be filed until he paid his appearance fee. Corben did not respond and did not appear in the lawsuit.

Nor did Corben produce the financial documents by the promised deadline. Respondents' counsel sent Corben several emails requesting the documents, with no response. Counsel advised Corben that Respondents would seek his default if he failed to respond. In June 2023, default was entered against Corben.

Corben then agreed to participate in a June 2023 telephonic settlement conference with Respondents' counsel. One minute before the call was to begin, Corben emailed to state he would not participate due to the default entered against him.

In December 2023, a default judgment in the amount of $507,783.64 was entered against Corben and his related entities,

representing Respondents' principal investment of $350,000, $100,000 in punitive damages, and $57,783.64 in interest and costs.

In February 2024, Corben moved in pro per to set aside the default and default judgment. Corben argued the trial court lacked subject matter jurisdiction over the action and personal jurisdiction over Corben; the trial court had no power to grant the relief awarded in the judgment; and the judgment was procured by fraud. The trial court continued the hearing on Corben's motion two times to allow him to file supplemental briefing before denying the motion.

## DISCUSSION

Corben contends the trial court erred when it denied his motion to set aside the default judgment. We disagree.

Corben moved to set aside the default judgment under Code of Civil Procedure[2] section 473, subdivision (d), which "provides a trial court 'may, on motion of either party after notice to the other party, set aside any void judgment or order.' " (*Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1020.) We review de novo whether a judgment is void, and we review the trial court's decision to set it aside (or not) for abuse of discretion. (*Kremerman v. White* (2021) 71 Cal.App.5th 358, 369.)

A judgment or order is void if the court "lack[s] fundamental authority over the subject matter, question presented, or party." (*In re Marriage of Goddard* (2004) 33 Cal.4th 49, 56.) Additionally, a judgment is void where the court

---

[2] Undesignated statutory references are to the Code of Civil Procedure.

3

" ' "grant[s] relief the law declares shall not be granted." ' "
(*Grados v. Shiau* (2021) 63 Cal.App.5th 1042, 1053.) As the appellant, Corben bears the burden of showing both error and prejudice to obtain reversal of the default judgment. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.)

Here, the record is incomplete because it does not include Corben's supplemental briefing in support of his motion to set aside. Corben, as the appellant, has the burden to produce an adequate record. Where the record is incomplete, we must presume the trial court's rulings are supported by the missing portions of the record, and we may not presume error on an incomplete record. (*Null v. City of Los Angeles* (1988) 206 Cal.App.3d 1528, 1532.)

In his motion to set aside the default judgment, Corben contended Respondents "commit[ted] fraud on the court" by obtaining the judgment after entering into the stipulation to transfer the lawsuit to Los Angeles County. Corben contended he resided in Los Angeles County, had never resided in Santa Barbara County, and that the parties' agreement contained a venue selection clause, providing that the agreement "shall be . . . subject to the exclusive jurisdiction of the federal and state courts located in the County of Los Angeles, [S]tate of California." Corben maintained that Respondents deceived him because they stipulated to transfer the lawsuit to Los Angeles County, only to later obtain a default and default judgment against him in Santa Barbara County.

But the parties' venue selection clause does not establish that the default judgment is void. "[W]hen venue is proper in more than one county, a plaintiff has the choice of where to file the action from among the available options." (*Battaglia*

*Enterprises, Inc. v. Superior Court* (2013) 215 Cal.App.4th 309, 313.) Here, Respondents chose to file the lawsuit in Santa Barbara County presumably because the property that was the subject of the parties' agreement is in Santa Maria, within that county. Respondents also attempted to file the stipulation to transfer the case to Los Angeles County, but were unable to do so because Corben had not paid his appearance fees. Respondents' counsel informed Corben that Respondents would seek a default, noting that Respondents would do so because Corben failed to produce the promised financial documents and failed to respond to counsel's numerous emails.

Corben was properly served with the motion for a default judgment but took no action until over two months after default judgment was entered. On this record, the facts support that Corben was aware at all times of what he needed to do to enforce the venue selection clause and transfer the case to Los Angeles County. Despite this, he did nothing. His inaction does not render the default judgment void.

Corben nevertheless contends the trial court erred by deciding his motion to set aside *at all*, because the case "belonged in Los Angeles County" by virtue of the venue selection clause. He also contends he appropriately attacked Respondents' selection of an improper venue with his motion to set aside. But venue is not jurisdictional. (*Newman v. County of Sonoma* (1961) 56 Cal.2d 625, 627.) Even if Santa Barbara County was an "improper" venue, that court could render an enforceable judgment. A "final judgment[] entered on such [a] complaint[] [is] not void." (*Barquis v. Merchants Collection Assn.* (1972) 7 Cal.3d 94, 121–122 [noncompliance with venue provisions in former § 396a "does not deprive the trial court of jurisdiction over the

5

subject matter of the litigation and does not render a judgment erroneously entered 'void' for lack of jurisdiction"]; see also *Price v. Superior Court* (2001) 25 Cal.4th 1046, 1055 ["Venue or territorial jurisdiction establishes the proper place for trial, but is not an aspect of the fundamental subject matter jurisdiction of the court and does not affect the power of a court to try a case"].)

Corben cannot establish that Santa Barbara County was an improper venue. The parties' joint venture agreement centered around property located in that county. And to the extent Corben desired the parties' venue selection clause to be enforced, he could have simply paid his appearance fees and moved for a change of venue. He did not.

Corben also contends the trial court improperly included punitive damages in the judgment without "clear and convincing evidence," and without evidence of Corben's financial condition. But Respondents provided notice that they sought $1,000,000 in punitive damages at the time they served the complaint; Corben failed to appear, and the trial court awarded them $100,000 in the default judgment. (§§ 425.115, 585.) And because there is no written ruling for us to evaluate, we cannot say that the trial court erred in awarding punitive damages. Corben's failure to provide a record supporting his contentions compels us to resolve the issue in Respondents' favor. (*Oliveira v. Kiesler* (2012) 206 Cal.App.4th 1349, 1362.)

The trial court's judgment is " '*presumed correct*,' " and Corben, as the appellant, has the burden of establishing reversible error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Because we conclude the default judgment was not void, there is no miscarriage of justice. (Cal. Const., art. VI, § 13 [no judgment shall be set aside unless the complained-of error results

in a "miscarriage of justice"].)  Nor has Corben shown an abuse of discretion warranting reversal.

DISPOSITION

The judgment is affirmed.  Respondents to recover their costs on appeal.

NOT TO BE PUBLISHED.

BALTODANO, J.

We concur:

YEGAN, Acting P. J.

CODY, J.

7

Jed Beebe, Judge

Superior Court County of Santa Barbara

_____

Keiter Appellate Law and Mitchell Keiter for Defendant
and Appellant.

No appearance for Plaintiffs and Respondents.