Filed 6/22/23  Aflalo v. Ahluwalia CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| LAURA AFLALO, | B320338 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 21STRO06579) |
| v. | |
| HARMEET AHLUWALIA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Doreen B. Boxer, Judge Pro Tempore.  Affirmed.

Harmeet Ahluwalia, in pro. per., for Defendant and Appellant.

Bradley, Gmelich & Wellerstein, Peter H. Crossin, and Mellania E. Safarian for Plaintiff and Respondent.

_____

Appellant Harmeet Ahluwalia appeals the trial court's grant of respondent Laura Aflalo's request for a civil harassment restraining order against her. Although she appeared at and participated in the hearing on Aflalo's request, Ahluwalia contends the court's order must be reversed because she was not personally served with the request. We conclude Ahluwalia both waived and forfeited this argument, and therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.  *Proceedings Below*

In November 2021, Aflalo filed a request for a civil harassment restraining order against Ahluwalia. In December 2021, Aflalo filed a Proof of Service claiming Ahluwalia was personally served with this request.

In February 2022, the trial court heard Aflalo's request.[2] Ahluwalia appeared in propria persona and made a request to continue the matter, which the court denied. Aflalo then testified and was cross-examined by Ahluwalia. After both sides rested, the court granted Aflalo's request for a civil harassment restraining order. Ahluwalia timely appealed.

### B.  *Record on Appeal*

In her Notice Designating Record on Appeal, Ahluwalia designated a "Proof of Personal Service" filed on "12-30-21." Although the trial court docket confirms a Proof of Service was

---

[1] We limit our summary to the facts and procedural history relevant to the issue appellant raises on appeal.

[2] No reporter's transcript was included in the record on appeal.

filed on that date, no such Proof of Service appears in the appellate record.  However, Ahluwalia included the Proof of Service as an attachment to her Civil Case Information Statement.  Also attached to her Civil Case Information Statement is a document entitled "Addendum A," which is dated "April 4, 2022," and contains a statement from Ahluwalia claiming that she was not personally served, but instead, found a "stack of papers" outside her door on December 28, 2021, containing "CH-109, CH-110, CH-100, and the Order on Request to Continue TRO Hearing."[3]  Though she signed the statement, it states neither the place of execution nor that it is executed under penalty of perjury.

## DISCUSSION

Under Code of Civil Procedure section 527.6, "[a] person who has suffered harassment as defined in subdivision (b) may seek a temporary restraining order and an order after hearing prohibiting harassment as provided in this section."  (Code Civ. Proc., § 527.6, subd. (a)(1).)  "[U]pon the filing of a petition under this section, the respondent shall be personally served with a copy of the petition, temporary restraining order, if any, and notice of hearing of the petition."  (Code Civ. Proc., § 527.6, subd. (m)(1).)  " ' "Service of process is the means by which a court having jurisdiction over the subject matter asserts its jurisdiction over the party and brings home to him reasonable notice of the action." ' "  (*Rockefeller Technology Investments (Asia) VII v.*

---

[3] CH-109 is the form number for a Notice of Court Hearing, CH-110 is the form number for a Temporary Restraining Order, and CH-100 is the form number for a Request for Civil Harassment Restraining Orders.

3

*Changzhou SinoType Technology Co., Ltd.* (2020) 9 Cal.5th 125, 139.)

Ahluwalia's sole argument on appeal is that, because she was not personally served with any pleadings, the order granting the request for a restraining order must be reversed. Presumably, she is contending the lack of personal service deprived the court of jurisdiction to hear and grant Aflalo's request. We disagree.

Ahluwalia claims that the process server "perjured himself" by attesting that he personally served her, and that she instead found a stack of documents left outside her apartment door, including "CH-109, CH-110, CH-100 and the Order on the Request to Continue TRO Hearing." Ahluwalia cites nothing in the record to support this claim, and thus we deem it forfeited.[4]

_____

[4] Our independent examination of the record reveals nothing to support Ahluwalia's claim. Nor can Ahluwalia use "Addendum A" to the Civil Case Information Statement (her signed statement that she was not personally served) as support. Although the document was presented to us without context, we infer from the April 2022 date that it was created after the trial court order being appealed, and thus could not have been a part of the proceedings below. Even were we to consider the document as additional evidence under Code of Civil Procedure section 909, the Addendum's failure to comply with Code of Civil Procedure section 2015.5—the document states neither the place of execution nor that it was executed under penalty of perjury— deprives it of any evidentiary value. (Code Civ. Proc., § 2015.5 ["Whenever . . . any matter is . . . permitted to be supported, evidenced, established, or proved by the sworn statement, declaration, verification, certificate, oath, or affidavit, in writing of the person making the same . . . , such matter may with like force and effect be supported, evidenced, established or proved by
*(Fn. is continued on the next page.)*

(*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 156 [" ' "[i]f a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been waived" ' "].)

Even were Ahluwalia's claim correct, a "procedural defense[]" like "lack of personal jurisdiction . . . is waived unless timely raised." (*Lackner v. LaCroix* (1979) 25 Cal.3d 747, 751.) Nothing in the record indicates Ahluwalia raised the issue of defective service in the proceedings below. An appellant "has a duty to provide an adequate record on appeal to support his claim of error. [Citation.] In the absence of an adequate record, the judgment is presumed correct. [Citation.] 'All intendments and presumptions are made to support the judgment on matters as to which the record is silent.' " (*Roberson v. City of Rialto* (2014) 226 Cal.App.4th 1499, 1507.) We must therefore presume she did not raise the issue before the trial court and has thus forfeited it on appeal.

Moreover, the record reflects, and Ahluwalia does not deny, that she appeared at and participated in the hearing. By doing so, she waived any argument that the court lacked personal jurisdiction over her. (*Rockefeller Technology Investments (Asia) VII v. Changzhou SinoType Technology Co., Ltd.*, *supra*, 9 Cal.5th at p. 139 [" 'a party may voluntarily submit himself to the

---

the unsworn statement, declaration, verification, or certificate, in writing of such person which recites that it is certified or declared by him or her to be true under penalty of perjury, is subscribed by him or her, and (1), if executed within this state, states the date and place of execution, or (2), if executed at any place, within or without this state, states the date of execution and that it is so certified or declared under the laws of the State of California"].)

5

jurisdiction of the court, or may, by failing to seasonably object thereto, waive his right to question jurisdiction over him.  Process is waived by a general appearance, in person or by attorney, entered in the action . . .' "]; *ViaView, Inc. v. Retzlaff* (2016) 1 Cal.App.5th 198, 210 [" ' "A general appearance occurs when the defendant takes part in the action . . ." ' "].)

We conclude that Ahluwalia has both forfeited and waived her only argument on appeal and has thus failed to demonstrate the trial court erred.

**DISPOSITION**

The court's order is affirmed.  Aflalo is awarded her costs on appeal.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

WEINGART, J.

6